REMICK KNIFFIN, Appellant-Respondent, *v.* KEITH ROUS, Respondent-Appellant.

First Department, April 22, 1943.

*David B. Stillman* of counsel (*Stillman & Stillman,* attorneys), for plaintiff-appellant-respondent.

*Hugh G. Bergen* of counsel (*Weller, Rogers, Bergen & Rochford,* attorneys), for defendant-respondent-appellant.

GLENNON, J. This action was instituted to recover the sum of $1,514.98, an alleged balance of disbursements made by Thomas A. Guy, plaintiff's assignor, for the defendant. According to the plaintiff, in his brief in this court, the money was expended "both under a written contract and at the special instance and request of the defendant." It is unnecessary to detail at length all the provisions of the contract. Apparently the defendant intended to have Thomas A. Guy organize a polo team in this country for the purpose of playing matches in England.

The written contract is annexed to the complaint. To say the least, it is somewhat ambiguous. According to the testimony, the contract was written out in longhand by the defendant, submitted to his attorney in California for inspection and, due to the fact that there were no stenographers present at the

office, it was typed out by Tibby Guy, the wife of Thomas A. Guy.

A question arose upon the trial as to the particular part of the United States to which the polo ponies referred to in the written agreement were to be returned at the conclusion of the polo season in England. Apparently, the ponies were to be assembled in California in the first instance, the place where the contract was executed. Naturally testimony would be admissible to shed some light on the intent of the parties as to the place where they were to be returned. By way of illustration of the ambiguity of the contract, we point to the following provision of paragraph "2," subdivision "c," which reads: "That the parties of the second part shall play polo when requested by the party of the first part during the existence of this agreement and they shall play to the best of their ability for the team of the party of the first part."

Another illustration, which applies to transportation costs and living expenses, is found in paragraph "3" which reads in part, as follows: "(d) To pay for the transportation costs and living expenses of the parties of the second part to England and return trip to the United States. (e) To pay for the reasonable living expenses of the parties of the second part expended under and by virtue of this agreement."

Who the parties of the second part are does not appear in the written document. Oral testimony was adduced which might indicate that the defendant agreed to reimburse plaintiff's assignor for the expenditures made for the transportation and living expenses of Tibby Guy, whose name is not mentioned in the agreement. If the plaintiff relied upon an oral agreement to that effect, he should have so apprized the defendant in his complaint.

At the conclusion of the testimony which was offered by plaintiff, his attorney made the following motion: "Now I want to move to amend the pleadings to conform to the proof as to paragraph 4th of the complaint, to the effect that Thomas Guy at the instance and request of the defendant advanced and expended on behalf of the defendant for transportation of said polo ponies to and from England and for their maintenance and keep, and also their transportation cost to and from England, and also their living expenses and other expenses incurred at the special instance and request of the defendant, amounting to $8,089.98."

The court allowed the amendment after objection was made by the attorney for the defendant, who stated that his client was in England and, as a consequence, he objected to the proposed

amendment on the ground of surprise. He stated: "Plaintiff's counsel has known that, he has known these facts to my knowledge since this deposition was made over a year ago. He has made no effort to amend the complaint. I wasn't in a position to take a deposition on this point because it wasn't covered by the pleadings. I have been prejudiced by the amendment, or I will be prejudiced if the amendment is allowed."

We believe the point was well taken. Had the complaint been drafted properly so as to include separate and distinct causes of action, defendant, who was living in England, would have been in a position to make application at Special Term to have his deposition taken for use upon the trial.

Upon the present state of the record, since there are no denials of the testimony of Thomas A. Guy and his wife, Tibby, plaintiff would have been entitled to a much larger award. However, it may well be that the defendant will be in a position to refute the claim for extras which is not specifically mentioned in the complaint.

It is suggested, therefore, that an amended complaint be served which may indicate that the plaintiff is relying not only upon the written contract, but also on an oral agreement. After issue is joined, defendant will then be in a position to determine his course of action. In order to avoid unnecessary motions and expense, plaintiff may have leave to serve an amended complaint within ten days.

The judgment should be reversed and a new trial ordered, with costs to the plaintiff-appellant to abide the event, with leave to the plaintiff to serve an amended complaint within ten days from service of the order to be entered hereon with notice of entry thereof.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the plaintiff-appellant to abide the event, with leave to the plaintiff to serve an amended complaint within ten days after service of order with notice of entry thereof. Settle order on notice.